# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

EDWARD JONES,                                   1:10cv01568 DLB PC

        Plaintiff,

                              ORDER DISMISSING ACTION

    v.                                          WITHOUT LEAVE TO AMEND

KLARK, et al.,

        Defendants.

_____/

## Screening Order

### I.    Background

       Plaintiff Edward Jones ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on August 31, 2010. On April 25, 2011, the Court dismissed Plaintiff's complaint with leave to amend. Plaintiff filed his first amended complaint on May 23, 2001. On September 23, 2011, the Court again dismissed Plaintiff's complaint with leave to amend. Plaintiff filed a second amended complaint on October 12, 2011.

       The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

1  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

2  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

3  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

4  1915(e)(2)(B)(ii).

5      A complaint must contain "a short and plain statement of the claim showing that the

6  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

7  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

8  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

9  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

10  matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*,

11  550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

12  **II.    Summary Of Second Amended Complaint**

13      Plaintiff is currently incarcerated at California Substance Abuse Treatment Facility

14  ("CSATF") in Corcoran, California, where the events giving rise to this action occurred.

15  Plaintiff names Prison Guard Sumpter, Physician's Assistant T. Bayer, Chief Medical Officer

16  Enenmoh, Mental Health Provider Ashtari, Mental Health Provider Talisman and Dr. Onyeje as

17  Defendants.

18      He alleges that (1) Defendant Sumpter denied him his authorized medical appliances

19  (including leg braces and orthopedic foot wear), authorized religious items and "other various

20  personal property items allowed;" (2) Defendant Bayer denied him his medical appliances,

21  refused to recognize and/or obey his no dorm-living assignment chrono and refused to instruct

22  staff to return him to a cell-living assignment upon his arrival at CSATF; (3) Defendant

23  Enenmoh denied him his authorized medical appliances and failed to instruct staff to return him

24  to a cell-living assignment upon his arrival at CSATF; (4) Defendants Talisman and Ashtari

25  denied him any and all mental health treatment, threatened retaliation if he did not participate in a

26  medication regime and group therapy sessions and denied his no dorm-living assignment chrono;

27  and (5) Defendant Onyeje denied him his medical appliances and authorization to return him to

28  cell-living at San Quentin State Prison.

1

2

Based on his allegations, Plaintiff asserts four claims: (1) Defendant Sumpter denied Plaintiff authorized religious items and other personal items; (2) Defendants Sumpter, Bayer, Enenmoh and Onyeje denied him his authorized medical devices; (3) Defendants Bayer, Enenmoh, Ashtari, Talisman and Onyeje failed to obey his no dorm-living assignment chrono and/or failed to return him to cell-living assignment; and (4) Defendants Ashtari and Talisman denied him mental health treatment and threatened retaliation.

As relief, Plaintiff requests that he be issued his medical devices, religious artifacts and personal property, returned to cell-living and awarded damages.  Plaintiff also requests that he be returned to San Quentin.

III.  **Analysis**

A.  **First Amendment - Free Exercise**

"The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (citing *O'Lone v. Shabazz*, 482 U.S. 342 (1987)); *see Bell v. Wolfish*, 441 U.S. 520, 545 (1979).  Only beliefs which are both sincerely held and rooted in religious beliefs trigger the Free Exercise Clause.  *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994)); *Callahan v. Woods*, 658 F. 2d 679, 683 (9th Cir. 1981)).  Under this standard, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."  *Turner v. Safley*, 482 U.S. 78, 89 (1987).  First, "there must be a valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it," and "the governmental objective must itself be a legitimate and neutral one."  *Id.*  A second consideration is "whether there are alternative means of exercising the right that remain open to prison inmates."  *Id.* at 90 (internal quotations and citation omitted).  A third consideration is "the impact accommodation of the asserted right will have on guards and other

3

inmates, and on the allocation of prison resources generally." *Id.* "Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation." *Id.*

In its prior order, the Court explained that simply alleging denial of religious items was not sufficient, by itself, to state a cognizable free exercise claim under the First Amendment. In his second amended complaint, Plaintiff again alleges only that Defendant Sumpter denied him his religious items. He again fails to allege how this alleged denial interfered with his religious practices.

Plaintiff has been granted more than one opportunity to amend the allegations but has failed to successfully do so. Accordingly, the Court recommends that this claim be dismissed without leave to amend.

**B.    Due Process - Property**

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533. California provides such a remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

Here, Plaintiff alleges that Defendant Sumpter denied him "various personal property items allowed." Plaintiff alleges no other facts related to the alleged denial. This conclusory allegation, without more, is insufficient to state a claim.

Plaintiff has been granted more than one opportunity to amend the allegations but has failed to successfully do so. Accordingly, the Court recommends that this claim be dismissed without leave to amend.

1    **C.    Eighth Amendment - Medical Care**

2         The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does

3    not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and

4    citation omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an

5    Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

6    civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

7    indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting

8    *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate

9    indifference standard involves an objective and a subjective prong.  First, the alleged deprivation

10   must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v.*

11   *Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[]

12   an excessive risk to inmate health or safety . . . ." *Id.* at 837.

13        "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under

14   this standard, the prison official must not only 'be aware of the facts from which the inference

15   could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the

16   inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have

17   been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no

18   matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175,

19   1188 (9th Cir. 2002)).

20        Plaintiff alleges violations of the Eighth Amendment based on a denial of medical

21   devices, denial of psychiatric treatment and issues related to his housing requirements.  Plaintiff

22   made similar allegations in his first amended complaint and the Court explained that he failed to

23   allege how any Defendants knew of and disregarded an excessive risk of serious harm to

24   Plaintiff's health.  Although Plaintiff now names specific Defendants, he again fails to allege

25   how these Defendants knew of and disregarded an excessive risk of serious harm to his health.

26   His allegations are conclusory and are insufficient to state a claim.

27

28

To the extent that Plaintiff alleges that Defendant Talisman and Ashtari threatened retaliation if he did not agree to certain treatment, he provides no further facts.  Plaintiff's claim is conclusory and does not state a claim.

Plaintiff has been granted more than one opportunity to amend the allegations but has failed to successfully do so.  Accordingly, the Court recommends that this claim be dismissed without leave to amend.

## ORDER

Plaintiff's second amended complaint fails to state claims for which relief may be granted.  This action is DISMISSED WITHOUT LEAVE TO AMEND.

This terminates this action in its entirety.

IT IS SO ORDERED.

**Dated:   January 30, 2012**            _____ **/s/ Dennis L. Beck** _____
                                   UNITED STATES MAGISTRATE JUDGE